# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BILLY MONROE HICKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 07-278-RAW-SPS |
| | ) | |
| **JUSTIN JONES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment [Docket #17] and plaintiff's motion for a preliminary injunction or temporary restraining order [Docket #52]. The court has before it for consideration plaintiff's complaint, the parties' motions and responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages and injunctive relief for alleged constitutional violations during his incarceration at OSP. The defendants are DOC Director Justin Jones, OSP Warden Marty Sirmons, OSP Unit Manager Mike Pruitt, OSP Case Manager Betsy Greenway, and OSP Lieutenant Pilgrim.[1,2]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v.*

Plaintiff alleges he was injured, because the defendants were deliberately indifferent in failing to protect him from another inmate. He asserts that on October 19, 2006, he was moved to protective custody and placed in a cell with Inmate Fred Munn. Inmate Munn allegedly kept the lights on all night with his radio on static, as he performed sex acts upon himself. The next morning plaintiff spoke to Officer Christianson and asked to be moved. Officer Britt came to plaintiff's cell, and plaintiff explained the problem with Munn's behavior and that Munn had threatened him. Officer Britt gave plaintiff a Request to Staff form that plaintiff completed and returned to Britt. When Inmate Munn awoke and found out that plaintiff was trying to change his cell assignment, Munn became angry and began cursing and yelling. Munn stomped plaintiff's left hand and produced a razor blade, threatening to kill plaintiff. The two inmates then engaged in a physical fight, and an officer and facility nurse came to the cell. Plaintiff asked to see the medical staff for his injuries, but Munn was taken to the medical unit, and plaintiff was not treated until October 23, 2006. The medical staff determined that plaintiff's hand was broken, so a splint was applied. He later had surgery on his hand, but he has limited movement and numbness in his thumb and hand.

Plaintiff also alleges that when he was placed in the cell with Inmate Munn, the staff knew about Munn's long history of deviant sexual behavior and violence. The incident could have been avoided, if plaintiff had been placed in one of two other available beds. When

---

*Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendant Pilgrim has not been served.

2

plaintiff complained that Munn was not punished for attacking him, Defendant Pruitt allegedly said that plaintiff should not complain, because he got the best of Munn. Pruitt also allegedly told plaintiff to "let it go," or Pruitt would write up both inmates for fighting. Plaintiff contends he lives in a constant state of fear, because he remains on the same unit and run as Inmate Munn.

The defendants allege this lawsuit must be dismissed, because plaintiff has failed to exhaust the administrative remedies for any of his claims, as required by 42 U.S.C. § 1997e. The special report [Docket #18] states that plaintiff was placed in a cell with Inmate Munn on October 19, 2006, but plaintiff did not ask to be moved by submitting a Request to Staff to the Unit Manager. On October 27, 2006, plaintiff was seen by the OSP medical staff, and he reported that his cell mate had stepped on his left hand. Plaintiff was treated for the injury, and he reported on December 19, 2006, that he had no pain or problems with his left hand. On February 2, 2007, plaintiff signed a waiver for refusal of his orthopedic appointment at the Oklahoma University Medical Center.

There were no incident reports or other documentation about the alleged fight between plaintiff and Inmate Munn. Defendant Unit Manager Mike Pruitt has submitted an affidavit that includes the facts he could recall about the incident. According to Pruitt, no OSP staff witnessed the alleged altercation, and no misconduct charges were filed because of the lack of evidence. The special report further states that Defendant Pilgrim and Officer Britt no longer are employed by the agency. Pilgrim resides in another country, and Britt's residence is unknown. There is no record of an Officer Christianson's employment at the facility during the time period alleged in plaintiff's complaint.

On December 28, 2006, plaintiff filed Grievance #07-02 / 07-75, alleging he was not

3

provided adequate protection [Docket #18-8 at 2]. The January 8, 2007, response indicated plaintiff no longer was housed with Inmate Munn, so the complaint addressed in the grievance no longer was an issue [Docket #18-8 at 5]. The special report indicates plaintiff filed four additional grievances, all of which were returned to him as improper.

Plaintiff alleges he has exhausted his administrative remedies, because on June 6, 2007, he submitted a request to file an appeal of Grievance #07-02 / 07-650 / 07-1117 out of time, but it was denied by the Director's Designee on June 8, 2007 [Docket #23]. In response to the court's order [Docket #35], the defendants have filed a response [Docket #39] to plaintiff's allegation of exhaustion. The special report shows that plaintiff's Grievance #07-02 / 07-650 was returned to him on April 26, 2007, because the issue was the subject of pending litigation [Docket #18-11 at 2]. Plaintiff was advised that he could resubmit a corrected grievance within ten calendar days, but he failed to do so. He claims that by the time he received the returned grievance, his state court litigation had been dismissed, so the issue was not in litigation.

The record shows that plaintiff's state mandamus action against the DOC was denied on April 20, 2007 for failure to state a claim upon which relief may be granted. *Hicks v. Okla. Dep't of Corrections*, No. CJ-2007-2643 (Okla. County Dist. Ct. Apr. 20, 2007). The case, however, still is on appeal to the Oklahoma Court of Civil Appeals in Case No. SD-104650. *See* http://www.oscn.net. The defendants, therefore, assert plaintiff did not wait until he had exhausted his administrative remedies before filing this civil rights action, contrary to the requirements of 42 U.S.C. § 1997(e).

Plaintiff argues in his reply to the defendants' response that his state court litigation did not concern his claim that the defendants failed to protect him [Docket #42]. Instead, he

claims the state mandamus action concerns DOC's allegedly arbitrary exhaustion procedures. The defendants have not disputed that the state action does not concern plaintiff's Eighth Amendment claims, and the copy of the Journal Entry of Order by the Oklahoma County District Court indicates the mandamus action seeks "an order for DOC to answer all request [sic] and grievances without undo [sic] delay or interference." *Hicks*, No. CJ-2007-2643, slip op. at 1 (Okla. County Dist. Ct. Apr. 20, 2007).

This does not change the fact that plaintiff did not exhaust his administrative remedies, in accordance with DOC policy, before filing this lawsuit on September 5, 2007. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

**Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order**

On August 22, 2008, plaintiff filed identical motions for a preliminary injunction or temporary restraining order in this case and in his two other civil rights lawsuits in this court,

5

*Hicks v. Jones*, No. CIV 07-238-JHP, and *Hicks v. Jones*, No. CIV 08-225-RAW. He alleges the defendants are trying to retaliate against him by removing him from protective custody, and the defendants may be ending the protective custody program at Oklahoma State Penitentiary. He asserts he intends to file another civil rights complaint on these issues, after he has exhausted his administrative remedies.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, however, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished opinion) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which were alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.

6

1994); *see also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Plaintiff alleges in his complaint that the defendants were deliberately indifferent to his safety and medical needs when they failed to protect him from his cellmate and failed to provide medical treatment for injuries he sustained in a fight with the cellmate. In his motion for injunctive relief, however, he addresses the separate issue of his placement in protective custody and whether his facility will continue to place inmates in protective custody. Because he is seeking relief for claims beyond his complaint, the court cannot issue the requested preliminary injunction.

A temporary restraining order is intended to preserve the status quo until the court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d ed. 2008). Because the court is adjudicating plaintiff's preliminary injunction request with this order, the court concludes that a temporary restraining order is not necessary. Therefore, plaintiff's application for a temporary restraining order also is denied.

**ACCORDINGLY,** plaintiff's motion for preliminary injunction or temporary restraining order [Docket #52] is DENIED, the defendants' motion to dismiss [Docket #17] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this  29th  day of September 2008.

```
_____
```
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**